## Saum *v.* Bd. of Coms. of Jones Co.

The supreme court will entertain no error that does not appear affirmatively of record.

A plea in abatement for misnomer should be verified by affidavit.

When pleas are filed to the general issue, and in abatement at the same time, and issue is joined upon the former, and the cause thereon submitted to the court by consent, but no action had upon the plea in abatement not properly verified, it will be presumed that it was not received, or was waived and abandoned.

A note was given for a lot in the town of Newport, while it was the seat of justice for Jones county. Shortly after, a law was passed, authorizing the legal voters of the county to establish the county seat, and it was accordingly removed to the town of Lexington, whereby the lot in question

was rendered comparatively valueless. To show that the consideration of the note had entirely failed, these facts were specially pleaded. Held that the plea was demurrable; that the facts show nothing inconsistent with good faith and fair dealing on the part of the defendant, as he could not be held responsible for the subsequent act of the general assembly and the vote of the people; and that the right of removing seats of justice is an attribute of the law-making power; and whoever buys lots in such a place, does so subject to the exercise of that power, and to the contingency of a change in the location.

When it appears by the record that the cause was submitted to the court by consent of parties, it will be presumed that the right of trial by jury was waived.

## ERROR, *to Jones District Court.*

*John P. Cook,* for the plaintiff in error. The first reason assigned for error in this cause, is the overruling the plea in abatement of defendant below. It will be seen that the suit is brought in the name of " the board of commissioners of Jones county;" that the writ commands the sheriff to summon to answer unto the board of commissioners of said county. That the note, which was made a part of the declaration below, is payable to the board of county commissioners, without stating of what county, or any thing by which the court could infer it. Our *Rev. Stat.,* 123, creates the board of commissioners in each county by the corporate style of " The Board of Commissioners of the County of ———," and provides, they may sue and be sued by that name, and we undertake to say, that any variation in setting out their corporate name is fatal. See 7 Blackf., p. 37. On examination of the record, it will be found that the true style of the board, is not set out in a single instance.

The second error assigned is, that the court below erred in sustaining plaintiff's demurrer to defendant's third plea. This plea goes to the consideration of the note, without giving the substance of it. We insist that this plea is well taken. Suppose the note had been given to an individual under the same circumstances, and by his own subsequent act he had taken away, or removed the real inducement for which the note was

Saum *v.* Jones Co.

given, and thereby rendered valueless the property purchased, and for which the note was given; would it be contended for a moment that the maker of the note could not set up a plea of failure of consideration? We apprehend not. Then why is the rule not equally applicable in this case? This note is made payable to the commissioners, for the benefit of the people of the county, and they, by their own act, take away the entire consideration. There can be no good reason, then, why they should be placed in a different situation from an individual.

When a county seat is located, and inducements are held out to purchasers to buy their lots, those who purchase do it upon the faith of the county, and if the people of the county subsequently betray the confidence of the purchaser, they are responsible for it.

*W. G. Woodward,* for the defendant. The plaintiff in error pleaded in abatement to the writ and declaration. Of the writ he does not crave *oyer,* and make it part of the record. According to the settled doctrine, it is not part of the record, unless made so. *Childs* v. *Risk,* Morris, 439. Besides this, it is good enough.

Then to the declaration. The plaintiff sued by the name of "The Board of Commissioners, of Jones County." The corporate name is, with this difference, "commissioners of the county of Jones." Is it not near enough? "Of Jones county," instead of, "of the county of Jones," is the error or variance complained of. An exactly like case in Muscatine county was held sufficient by the former presiding judge of that county, and I think rightly.

Again, the pleader says the said plaintiffs, to wit, "the said board of commissioners, of Jones county." The new plaintiffs are known in their corporate capacity, as "the board of commissioners, of the county of Jones;" without this, that the said, "the board of commissioners, of Jones county," the now plaintiffs are known by the name of "the board of commissioners, of the county of Jones," as in and by the said writ and declaration appears.

Now here, he is self-contradictory. He recognizes them by the name in which they have sued; and then he denies that they are known by their corporate name. The plea is bad, and demurrable.

In his argument, the defendant speaks of the form of the note. This is an objection to be taken on the trial, when the note is offered in evidence. Not being done then, the objection is gone. It is not the subject of a plea in abatement.

The second error assigned is to the decision sustaining the plaintiff's demurrer to defendant's third plea. When a person buys a lot in a town, even though it be a county seat, he buys subject to all the common contingencies. He knows that a county seat may be changed by law; and what though a law authorizes a change? Can he plead it as a failure of consideration? It is the act of the law, and he is virtually one of the law makers—it may be, one of the people who voted for the change.

*Opinion by* HASTINGS, C. J. This was an action brought in the Jones county district court, at the September term, 1847, by the defendant in error, on a promissory note drawn by the plaintiff.

The defendant below filed his plea of abatement on the 28th of September, for misnomer; and simultaneously therewith his three special pleas, and the plea of the general issue.

No issue was taken on the plea of abatement. Issue was joined on the first and second pleas, and also on the plea of the general issue; and to the third special plea the plaintiff below demurred, and the plaintiff in error brings this case to this court, and assigns the following errors:

I. The court erred in overruling the plea in abatement.

II. The court below should have sustained the plea in abatement.

III. The court erred in sustaining the demurrer of plaintiff below, to defendant's third plea.

IV. The court should have overruled the plaintiff's demurrer to defendant's third plea.

Saum v: Jones Co.

The first and second errors are in substance the same; as well as the third and fourth.

The record in this case is·very defective, and appears to be composed in part of the original papers, and in part of what appears to be a transcript from the record.

It does not appear of record what disposition was made of the plea in abatement; whether the plea was overruled, rejected, or abandoned.

Errors must affirmatively appear on the record, or they cannot be noticed by this court.

It does not appear that the plea in abatement was verified by affidavit of the truth thereof, as is required by the statute relative to pleas in abatement; and this being a plea in abatement for misnomer, it was necessary that the same should be so verified, or that the affidavit should be waived.   True, it appears at the foot of the plea, that the pleader had inserted the words, " oath waived ;" but it does not appear that the defendants or their attorneys waived the oath.

The statute above referred to is as follows, viz.: " That no plea in abatement, other than a plea of the jurisdiction of the court, or where the truth of such plea appears of record, shall be admitted or received," &c.   Rev. Stat., p. 47, § 1.

Inasmuch as the court had no action on the plea, and the plaintiff below did not respond to the same, and issue was joined on other pleas, and the cause submitted to the court by consent of parties, we presume the plea in abatement was not received, or was waived and abandoned, which disposes of the first two errors assigned.

As to the third and fourth, it appears that the defendant below set out in his said third special plea, " that said supposed promissory note was made and executed by said defendant to said plaintiff, for a certain town lot, in the town of Newport, in the county of Jones, and state of Iowa, viz. :  Lot four, in block one; and then, to wit, at the date of said note the seat of justice for said county ; and for no other consideration.   That the only value of said town lot consisted in Newport remaining the seat of justice of said county, without which it was valueless.

That afterwards, by an act of the general assembly of the state of Iowa, entitled an act to "provide for the location of the county seat in the county of Jones, and approved the third February, 1847, the legal voters of said county, by a vote in accordance with the said provisions of said act, removed said seat of justice from said town of Newport to the town of Lexington, in said county; at which latter place the seat of justice for said county is located;" and thereupon claims that the consideration of the said note has wholly failed. To this plea the plaintiffs below filed their general demurrer, which was sustained by the court; and the question is, did the court err in sustaining said demurrer? We think not. The existence and truth of the facts stated in said plea, are not inconsistent with good faith and fair dealing on the part of the defendant in error, in selling said lot to the plaintiff in error.

The defendants are not to be holden responsible for the subsequent act of the general assembly, nor for the votes of the people in removing the seat of justice. The right to remove seats of justice is an attribute of the law-making power; and no individual or individuals ought to be held responsible for the evils accruing from the exercise of such right.

He who purchases a town lot at a county seat, (whatever may have been his opinion of the length of time that such town should remain the seat of justice,) purchases subject to all the future contingencies of removal.

It is not averred in this plea that the defendant made false representations, or held out false inducements to plaintiff in error, in making the sale of said lot; but it is only averred that they sold the said lot, it then being in a town which was the seat of justice, and that afterwards another power and other persons, for whose acts the county is not responsible, caused the seat of justice to be re-located.

As to the issues joined between the parties, on the first and second special pleas, and on the plea of the general issue, it does not appear that a jury was called; but, from a favorable construction of the record, we must infer that a jury was waived, and inasmuch as the plaintiff did not assign for error the fact

that no jury was called to try said issues, and from the following language in the record, viz. : " And this day came the parties in this cause by their attorneys ; an issue is made to the court, on law and fact, by consent of parties." We infer that a jury was waived, and that the issues of fact were tried by the court, as well as the issues at law.

Judgment affirmed.